[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, defendant-appellant Maurice Hollingshead appeals from the imposition of a longer prison term by the Hamilton County Court of Common Pleas following Hollingshead's successful appeal of the trial court's earlier failure to make the findings to support the twelve-month prison term. Upon remand, the trial court imposed a seventeen-month sentence — one month less than the maximum sentence for a fourth-degree felony.
A rebuttable presumption of sentencing vindictiveness, in violation of the Due Process Clause of the Fourteenth Amendment, arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. See North Carolina v. Pearce (1969), 395 U.S. 711,724-726, 89 S.Ct. 2072. This presumption may be rebutted with "objective information" of conduct or events occurring or discovered after the original sentencing that justifies the increased sentence. See id.; see, also, Texas v. McCullough (1986), 475 U.S. 134, 142, 106 S.Ct. 976.
As "[n]othing in the Constitution requires a judge to ignore `objective information * * * justifying the increased sentence,'" we overrule the assignment of error in light of the trial court's renewed emphasis on and consideration, at the resentencing hearing, of Hollingshead's prior criminal activities in relation to his violation of prison rules while awaiting resentencing. See Texas v. McCullough, 475 U.S. at 142,106 S.Ct. 976, quoting United States v. Goodwin (1982), 457 U.S. 368, 374,102 S.Ct. 2485.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.